STATE of Wisconsin, Plaintiff-Respondent,

v.

Maurice C. PITTMAN, Defendant-Appellant.†

Court of Appeals

*No. 90–0840. Submitted on briefs October 26, 1990.—Decided December 19, 1990.*

(Also reported in 465 N.W.2d 245.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Craig M. Kuhary,* and *Matthew H. Huppertz,* of *Carlson & Huppertz, S.C.* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Michael R. Klos,* assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

NETTESHEIM, P.J.  The issue in this case is whether the seizure of parolee Maurice C. Pittman in his residence upon a parole violation apprehension request was valid under the Fourth Amendment of the United States Constitution. We hold that such a seizure comports with the reasonableness requirement of the fourth amendment. Therefore, we affirm Pittman's conviction for unlawfully possessing a firearm as a convicted felon pursuant to sec. 941.29(1)(a) and (2), and sec. 939.62, Stats.

When a parolee violates a condition of parole, the department may take physical custody of the parolee to investigate the alleged violation and to determine whether parole revocation is appropriate. Section 57.06(3), Stats.;[1] Wis. Adm. Code, sec. DOC 328.22(2)(a) and (b). An apprehension warrant request may issue when a parolee absconds. Wis. Adm. Code, sec. DOC 328.14.

The controlling facts in this case are not in dispute. On December 21, 1988, Pittman was on parole under the supervision of the Department of Health and Social Services and was the subject of an outstanding "apprehension request and warrant" which had been administratively issued by the department. The apprehension warrant stated that Pittman was "paroled on 1/26/88" and "whereabouts and activities unknown since 6/1/88."

---

[1]Section 57.06, Stats., was renumbered as sec. 304.06, Stats., by sec. 1698, 1989 Wis. Act 31, effective January 1, 1990. Reference in this opinion will be to sec. 57.06.

On December 21, Officer Daniel Small of the City of Racine Police Department observed Pittman on a city street and recognized him as the person wanted on the department's apprehension warrant.

By radio transmission, Officer Small verified the apprehension warrant; he also obtained Pittman's address and, together with another officer, went to Pittman's apartment. The officers knocked on the door; Pittman partially opened the door; Officer Small again recognized Pittman; Pittman attempted to close the door but the officers pushed the door open and entered the apartment. The officers seized Pittman on the apprehension warrant. The officers also observed a gun lying on top of a bag near the wall where Pittman was standing. Pittman was charged and convicted of unlawfully possessing a firearm as a convicted felon.

Pittman brought a motion to suppress the evidence contending that its discovery was the product of an unlawful arrest. The trial court denied Pittman's motion. Pittman was convicted. He appeals.

Pittman claims that the fourth amendment does not permit the seizure of an alleged parole violator in his residence on a department-issued apprehension request. Pittman contends that such a seizure can only be accomplished pursuant to arrest on a judicially issued warrant premised upon probable cause.

The question before us presents a constitutional question of law; although we value the decision of the trial court on the question, we review such matters independently without deference to the decision of the trial court. *State v. Griffin,* 131 Wis. 2d 41, 49, 388 N.W.2d 535, 537 (1986); *aff'd, Griffin v. Wisconsin,* 483 U.S. 868 (1987).

A probationer's home, like anyone else's, is protected by the fourth amendment. *Griffin,* 483 U.S. at 873. The ultimate standard set forth in the fourth amendment is reasonableness. *Id.; State v. Tarrell,* 74 Wis. 2d 647, 654, 247 N.W.2d 696, 701 (1976). Thus, the question in this case is whether Pittman's seizure in his home on the apprehension request issued by the department was reasonable. No Wisconsin appellate decision has yet spoken to this precise issue. However, decisions from both the United States Supreme Court and the Wisconsin Supreme Court give some guidance on this question.

In *Tarrell,* the Wisconsin Supreme Court ruled that a probationer did not suffer an unconstitutional seizure of his person when his probation officer ordered him to appear at a police station to have his photograph taken in conjunction with a sexual assault investigation. *Id.* at 657, 247 N.W.2d at 702. We quote at some length from the decision because the court's language is instructive:

> If there is to be an exception to the requirements of the fourth amendment granting probation agents a limited right to search or seize a probationer without a warrant, the foundation for this exception lies in the nature of probation itself. Probation, like parole, "is an integral part of the criminal justice system and has as its object the rehabilitation of those convicted of crime and the protection of the state and community interest." [Citation omitted.] . . .
>
> A sentence of probation places the probationer "in the custody of the department" subject to the conditions of probation and rules and regulations of the Department of Health and Social Services . . ..
>
> The imposition of these conditions, rules and regulations demonstrates that *while a probationer has a*

*conditional liberty, this liberty is neither as broad nor as free from limitations as that of persons who have not committed a crime. The expectations of privacy of a person on probation cannot be the same as the expectations of privacy of persons not on probation. It is only the reasonable expectations of privacy which the fourth amendment protects.* [Footnote omitted.] *Conditions of probation must at times limit the constitutional freedoms of the probationer.* [Emphasis added.]

*Id.* at 653–54, 247 N.W.2d at 700–01.[2]

In *State v. Griffin,* 131 Wis. 2d 41, 388 N.W.2d 535 (1986), the Wisconsin Supreme Court ruled that a probation officer may conduct a warrantless search of a probationer's residence if the officer has "reasonable grounds" to believe that the probationer has contraband. *Id.* at 46, 388 N.W.2d at 536. The court rejected Griffin's argument that the constitution required a judicially issued search warrant premised upon probable cause. *Id.* at 51–58, 388 N.W.2d at 538–41. In addition, the court construed "reasonable grounds" as recited in the department's rules to be a less stringent standard than "probable cause." *Id.* at 58–60, 388 N.W.2d at 541–42. The *Griffin* court rested its decision squarely on the *Tarrell* rationale that a probationer has only a conditional liberty and a diminished expectation of privacy. *See Griffin,* 131 Wis. 2d at 55, 388 N.W.2d at 540.

The United States Supreme Court upheld the Wisconsin Supreme Court's decision in *Griffin. Griffin,* 483 U.S. at 872. The Supreme Court ruled that the search satisfied the fourth amendment because it was carried

[2]The quoted portion from *State v. Tarrell,* 74 Wis. 2d 647, 653–54, 247 N.W.2d 696, 700–01 (1976), appears in a single paragraph in the original decision. We have broken out the quoted portions into separate paragraphs for the reader's ease.

out pursuant to a regulation that itself satisfied the fourth amendment's reasonableness requirement.[3] *Id.* at 873.

We now turn to the case before us. A parolee remains in the legal custody of the department. Section 57.06(3), Stats. As such, we agree with the state that a parolee is serving the remainder of his sentence on the streets instead of in prison. Thus, a parolee's liberty, like a probationer's, is conditional. *See Morrissey v. Brewer,* 408 U.S. 471 (1972). From this it logically follows that, just as with a probationer, a parolee also has a diminished expectation of privacy under the fourth amendment.[4]

In *Griffin,* the United States Supreme Court noted numerous reasons why the formal warrant requirements of the fourth amendment were not applicable in a probation/search case: a formal warrant requirement would interfere with the probation system; the parole officer, not a magistrate, is the preferred person to make the judgment call as to whether the custody of the probationer is necessary to investigate an alleged probation

---

[3]The United States Supreme Court did not rule, however, that any search of a probationer's home by a probation officer would satisfy the fourth amendment so long as the information possessed by the officer satisfies a federal "reasonable grounds" standard. The Supreme Court read the Wisconsin Supreme Court decision in *Griffin* to stand for this proposition. *Griffin v. Wisconsin,* 483 U.S. 868, 872 (1987).

[4]Indeed, an argument can be made that a parolee's fourth amendment rights are *more* diminished than those of a probationer. *See, e.g.,* 4 W. LaFave, *Search and Seizure,* sec. 10.10, at 127–28 (1987). We need not decide this question here since we are satisfied that the *Tarrell* and *Griffin* probation cases provide sufficient guidance in this parole situation.

violation; and the possible delay inherent in obtaining a formal warrant would make it more difficult for probation officials to respond quickly to evidence of misconduct and would reduce the deterrent effect that the possibility of expeditious custody would otherwise create. *See Griffin,* 483 U.S. at 876.

In addition, the Supreme Court in *Griffin* placed particular emphasis upon the special role of the probation officer. The Court noted that a probation officer is not a police officer; rather, a probation officer serves both the interests of the public and the welfare of the probationer. *See id.* The Court observed that the relationship between the probation officer and the probationer is not entirely adversarial. *Id.* at 879. Finally, the Court noted that the supervising agency must be able to proceed on the basis of its entire experience with the probationer. *Id.*

All of these observations apply with equal, if not greater, persuasion in a parole/arrest case such as the one before us. In most cases, a parolee is likely to have committed a more serious offense and represent more of a danger to the public than a probationer. A parolee may well require closer and stricter supervision than that accorded to a probationer. A state's operation of its parole system like its operation of a prison presents "special needs" beyond normal law enforcement that may justify departures from the usual warrant and probable cause requirements. *See id.* at 873–74.

Imposition of the requirements and procedures attendant to judicially issued warrants frustrates these goals and needs measured from both the offender's and the public's interests. In light of a parolee's conditional liberty and diminished expectation of privacy under the

fourth amendment, we conclude that a judicially issued arrest warrant is not a constitutional prerequisite for the seizure of an alleged parole violator in his residence.[5]

*By the Court.*—Judgment affirmed.

[5]Pittman also argues that the administrative rules which authorize the department to issue apprehension requests are invalid because the corresponding authority in the probation area is elevated to statutory status. *See* sec. 973.10(3), Stats. We do not agree that simply because the legislature has enacted a statute concerning probation apprehension warrants, the rules governing parole apprehension requests are invalid.

Rather, the proper inquiry is whether the administrative rules authorizing the department to issue parolee apprehension requests serve the purpose of the statute. Section 227.11(2)(a), Stats. Pittman also challenges the administrative rules on this front. These administrative code provisions provide the machinery to carry out the directive of sec. 57.06(3), Stats., that suspected parole violators be taken into custody. Thus, these administrative rules are proper enactments.